WILLIAM SCHMITZ, Respondent, *v.* KARL F. HOHENSTEIN and Another, Appellants, Impleaded with LOUIS M. FRAZIN and Others, Defendants.

First Department, June 2, 1933.

*Henry M. Flateau* of counsel [*William J. McKeown,* attorney], for the appellants.

*David S. Elgot* of counsel [*Charles J. Kennedy,* attorney], for the respondent.

O'MALLEY, J. The judgment appealed from forecloses a mechanic's lien upon the appellants' real property, and awards a money judgment in plaintiff's favor. The complaint sought recovery of $2,100, the alleged unpaid balance of the contract price plus $63 for extra work. Said defendants claimed failure of performance of some forty items of work required by the contract of an alleged value of $3,600, and prayed for a dismissal of the complaint.

The agreement between the parties was made April 9, 1923. At this time the defendants had begun the construction of a seven-room house upon their property located on Mayflower avenue, in the borough of The Bronx, New York city. Plans and specifications had been prepared by an architect named Dornin and the erection of the building had theretofore been in charge of another contractor. The latter had abandoned the work after the cellar walls were in and the floor beams and rough flooring laid. The plaintiff was then engaged to undertake the work of completion at an agreed price of $10,600. He was paid $8,500 as the work progressed, and seeks to recover the balance of the contract price.

Concededly, the plaintiff did not perform much of the work called for by the architect's plans and specifications already mentioned. The main issue litigated was whether he agreed to complete the work in accordance with such plans and specifications, or whether these had been entirely abandoned and thrust aside, and the plaintiff authorized to proceed in accordance with a new estimate submitted, supplemented by a rough sketch or plan, drawn by himself, and approved by the defendants.

The latter claimed that the estimate submitted consisted merely of changes in the original plans and specifications, which changes were suggested by the plaintiff in the interest of economy, and that, with the exception of these changes, the plans and specifications were to be adopted and followed by the plaintiff in the performance of the work.

An examination of the testimony and exhibits leads us to the conclusion that the finding in favor of the plaintiff upon this issue is clearly against the weight of the credible evidence. The estimate referred to was wholly lacking in many details essential to the erection of a complete building. The rough sketch, or plan, prepared by the plaintiff and claimed by him to have been approved and adopted by the defendants, was likewise wholly insufficient to serve the purpose for which it is claimed to have been intended. It was a rough pencil sketch on a sheet of paper eighteen inches long by twelve inches wide, and contained merely the proposed

layout of rooms on the first floor of the house. Nothing contained therein showed the layout of the upper floors or indicated whether there were to be any upper floors. The plan did not show the layout of the interior of the building, the general design, the ornamentation or style of architecture, or the layout of the roof to be constructed. Moreover, it was never approved by the municipal authorities, or filed as required by law, as were the original plans and specifications.

The plaintiff admitted that when he was negotiating for the contract with the defendants, the latter presented to him the plans and specifications and requested that he perform the work in accordance therewith. Nevertheless, he claims that he refused so to do, and that the defendants finally agreed that he proceed in accordance with his own estimate and sketch. The contract, therefore, according to the plaintiff, was oral, except as supplemented by the estimate and the sketch.

The written evidence strongly tends to contradict the plaintiff's version of the agreement between the parties. He concedes that both parties desired a written contract. Accordingly he prepared one for the signatures of himself and of the defendants. It was dated May 3, 1923, and provides that the plaintiff would furnish all material and perform all work on the defendants' building " as shown on the drawings and described in the specifications prepared by A. H. Dornin and as per estimate given April 9th, 1923 Architect, [sic] which drawings and specifications are identified by the signatures of the parties hereto, and become hereby a part of this contract."

Another proposed contract between the plaintiff and one Renz, to whom plaintiff proposed to sublet the brickwork on the building, was concededly also prepared by the plaintiff about May 24, 1923. This agreement required Renz to perform his work " as shown on the drawings and as set forth in the specifications mentioned in said contract prepared by A. H. Dornin, architect, as far as same are applicable to the work hereinafter mentioned, which said contract and said drawings and specifications therein mentioned are identified by the signatures of the respective parties hereto and are made and form a part of this contract."

With respect to the proposed contract between the plaintiff and defendants, the latter gave testimony tending to show that they requested a written contract during the early stages of the work, and that it was prepared by the plaintiff and sent to them, partly printed and partly written in longhand, but that after they had several times requested the plaintiff to execute it, he refused upon

the ground that " he has a pending case in court." The plaintiff's testimony was to the effect that the defendants refused to sign the agreement, although he gave no reason for such refusal; nor did he give any reason as to why the proposed contract between himself and Renz was not signed.

It is to be observed that the proposed written contract between the plaintiff and the defendants, prepared by the plaintiff himself, clearly expresses the plaintiff's intention to complete the building not only according to his own estimate, but according to the plans and specifications of the architect. This recital, as well as that contained in the proposed contract with Renz directly and very strongly tend to support the defendants in their version of the agreement between the parties.

In addition, it appears that plaintiff, in his complaint, sued for the performance of work not included in the estimate, and his proof upon the trial likewise showed that he had performed work not called for therein, much of which was provided for on the plans and specifications. It is significant that, despite his claim that he was required to perform only the work specified in the estimate, he made no claim for extra work, except in the amount of sixty-three dollars as already indicated.

As plaintiff makes no pretense of having performed the work in accordance with the architect's plans and specifications, he may not recover without establishing by a fair preponderance of the evidence that he was entirely relieved from their requirements by the defendants and was obligated to follow only his own estimate and sketch. We are of opinion, as already noted, that the weight of the credible evidence and the probabilities were with the defendants upon this issue.

It follows, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.